Roman A. Schwieterman and Mary E. Schwieterman v. Commissioner.
Schwieterman v. Commissioner
Docket No. 42707.
United States Tax Court
T.C. Memo 1954-9; 1954 Tax Ct. Memo LEXIS 236; 13 T.C.M. (CCH) 373; T.C.M. (RIA) 54115; April 16, 1954, Filed *236 L. R. Mahrt, Esq., 904 Winters Bank Building, Dayton, Ohio, for the petitioners. Robert E. Johnson, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax and 50 per cent additions to the deficiencies under section 293(b) of the Code as follows: Year
Deficiency
Sec. 293(b)
1941
$ 583.12
$ 291.56
1942
854.97
427.49
1943
5,725.48
2,862.74
1944
9,078.99
4,539.50
1945
9,693.33
4,846.67
1946
11,168.54
5,584.27
Originally the Commissioner held that during the periods July 1, 1945 to December 31, 1945, and January 1, 1946 to December 31, 1946, a restaurant business was not conducted by a bona fide partnership consisting of Roman A. and Mary E. Schwieterman, and he determined that all of the income of the business for the above periods was taxable to Roman A. Schwieterman. The Commissioner now agrees that Mary E. Schwieterman was a member of a partnership with her husband during the above periods so that 60 per cent of the net partnership income is taxable to Roman A. Schwieterman and 40 per cent is taxable to Mary E. Schwieterman. Effect will *237 be given to this agreement of the parties under Rule 50. The amounts of several items entering into adjustments of the amounts of the net income of the petitioners for some of the years involved have been agreed upon. The petitioners now concede that the use of the increase in net worth method of computing the amounts of net income for each of the taxable years is justified. Effect will be given to these concessions under Rule 50. Several questions remain for decision which relate to the amounts of various items of assets and of liabilities in the net worth statement of the petitioners at the end of years covered by the net worth statement. A further question is whether any part of any deficiency is due to fraud with intent to evade tax under section 293(b). Findings of Fact The Court finds the facts which have been stipulated and incorporates the stipulation herein by this reference. Roman A. Schwieterman, hereinafter referred to as the petitioner, and Mary E. Schwieterman, his wife, each filed individual returns for the years 1942-1946, inclusive. They filed a joint return for 1941. The returns were filed with the collector for the first district of Ohio. The petitioners *238 are residents of Dayton, Ohio. Petitioner and his wife entered into a bona fide partnership agreement on July 1, 1945. Each made contributions to the capital of the partnership on the basis of which petitioner's interest in the distributive net profits of the partnership is 60 per cent, and his wife's interest is 40 per cent. The business called Open Door Restaurant, consisting of restaurants No. 1 and No. 2, was carried on as a partnership from July 1 to December 31, 1945, and throughout the year 1946. Before petitioner's wife became a member of the partnership she was an employee of the petitioner. She received salary payments as follows: Year
Amount
1943
$5,200
1944
5,300
1/1/45 to 7/1/45
2,600
Petitioner's daily sheets for business done at the No. 1 and No. 2 restaurants of the Open Door Restaurant indicate cash on hand at the end of the years 1943-1946, as follows: Amount of
Date
Cash on Hand
12/31/43
$1,681.78
12/31/44
927.98
12/31/45
3,143.07
12/31/46
1,097.70
Petitioner on April 6, 1938 purchased for $2,100, a house at 817 Lorain Avenue, Dayton, Ohio. On May 2, 1938, the same date on which he received a Deed for the *239 premises, he mortgaged them to the Citizens Federal Savings & Loan Association for $1,800, payable $18 per month, with interest at 6 per cent. On October 30, 1939, petitioner executed a new mortgage to the Citizens Federal Savings & Loan Association for $2,200 payable in monthly installments of $22, with interest at 6 per cent. The former mortgage was released November 3, 1939, and the latter, on April 19, 1940. On March 28, 1940, petitioner sold the property at 817 Lorain Avenue for $3,450. On March 28, 1940, petitioner by a land contract with the Fidelity Building Association agreed to purchase for $10,500 three parcels of land at, or near, 700 Watervliet Avenue, Dayton, Ohio. He paid $700 down and owed $9,800 thereon. On August 22, 1940, a portion of these three lots was transferred by deed from Fidelity Building Association to petitioner and his wife for $2,500, which property was transferred the same day from petitioner and his wife, to Richard L. Holton for $4,500. Two thousand five hundred dollars of the consideration thus received, was applied to the Fidelity Building Association land contract reducing petitioner's obligation from $9,800 to $7,210.47. By December 31, 1940, the *240 mortgage payable on this property had further been reduced to $6,955.68. Petitioner on May 31, 1946, purchased two parcels of land at or near 630 Watervliet Avenue, Dayton, Ohio, for the sum of $18,250. The parties are agreed upon the amounts of several items of assets and of liabilities at the end of the years 1940-1946, inclusive, as is shown by the partial net worth statement attached to the stipulation of facts. The partial, agreed net worth statement is incorporated herein by this reference. The Court finds that the following amounts are correct amounts at the end of stated years for inclusion in the net worth statement of the petitioners: A. Cash on hand 12/31/40
$2,500.00
12/31/41
77.22
12/31/42
100.00
12/31/43
1,681.78
12/31/44
927.98
12/31/45
3,143.07
12/31/46
1,097.70
B. Petitioners, personally, had cash on hand on December 31, 1946 in the amount of $100. C. Petitioners' imporvements at their personal residence at 60 Greenhouse Road, Dayton, Ohio, at the end of 1946 amounted to $651.60 at the end of 1944; $1,605.37 at the end of 1945; and $3,143.41 at the end of 1946. D. Improvements at 630 Watervliet Avenue, Dayton, Ohio, amounted *241 to $200 at the end of 1946. E. Automobiles at the end of 1946 amounted to $3,710.42. F. The petitioners agree with the respondent that merchandise inventories amounted to the following at the end of the years stated: 12/31/40
$ 180.00
12/31/41
86.63
12/31/42
200.00
12/31/43
6,120.00
12/31/44
16,798.74
12/31/45
6,180.00
12/31/46
9,840.00
G. At the end of 1945 and 1946, the figure for fixtures and equipment at restaurant No. 1 is zero. Respondent erred in stating the figure to be $5,500 at the end of each year 1945 and 1946 in the net worth statement attached to the deficiency notice. At the end of 1945 and 1946, the figure for other fixtures and equipment at restaurant No. 1 is zero. Respondent erred in stating the figure to be $1,231.95 at the end of each year 1945 and 1946 in the net worth statement attached to the deficiency notice. The above adjustments to zero result from a sale by petitioner in 1945 of equipment and fixtures to H. J. Bergman for $1,200. H. Other equipment and fixtures at restaurants No. 1 and No. 2 amounted to $3,429.44 at the end of 1944 and at the end of 1945, and they amounted to zero at the end of 1946. I. Equipment *242 and fixtures at restaurants Nos. 1 and 2 amounted to $18,275.03 at the end of 1945, and $17,885.53 at the end of 1946. J. Other equipment and fixtures at restaurant No. 1 at the end of 1946 amounted to $15,279.22. K. Improvements at restaurant No. 1 at the end of each year, 1945 and 1946, amounted to $11,465.72. L. Other improvements at restaurant No. 1 amounted to $7,742.53 at the end of 1946. M. Petitioner did not owe $1,547.14, at the end of 1940, to Peoples Bank of Dayton. N. At the end of 1940, petitioner owed $6,955.68 to Fidelity Building Association on a mortgage. O. Petitioner did not owe Rose Kley $1,000 at the end of each of the years 1943, 1944, and 1945. He owed $1,300 to Rose Kley at the end of 1946; the debt was evidenced by a note. P. The personal living expenses of petitioner and his family amounted to the following for the years stated: 1941
$ 3,925.00
1942
5,393.47
1943
5,092.55
1944
10,842.00
1945
6,486.08
1946
4,966.71
Restaurant No. 2 was sold on July 21, 1946. The following schedule shows the net worth of the petitioner at the end of each of the years 1940-1946, the increases in net worth in each year after 1940, and *243 the net taxable income of petitioners for each year 1941-1946 based upon increases in net worth and expenditures: COMPUTATION OF INCOME BASED UPON NET WORTH
ASSETS
12/31/40
12/31/41
12/31/42
12/31/43
Cash on hand
$ 2,500.00
$ 77.22
$ 100.00
$ 1,681.78
Cash on hand - Personal
Cash in bank - Peoples
Bank of Dayton
276.52
.90
335.39
212.68
Cash in bank - Third Na-
tional Bank and Trust
Company
156.89
167.32
163.83
Cash in bank - Third Na-
tional Bank and Trust
Company - Open Door
#1
Cash in bank - Third Na-
tional Bank and Trust
Company - Open Door
#2
726.39
U.S. Treasury Bonds -
Series E at Cost
206.25
431.25
Stock - American Distill-
ing Company
Personal Residence - 60
Greenhouse Road, Day-
ton, Ohio
Personal Residence - Im-
provements
Inventories
180.00
86.63
200.00
6,120.00
Prepaid Assets
5,500.00
Business Building - 700
Watervliet Avenue, Day-
ton, Ohio
7,000.00
14,550.00
14,550.00
14,550.00
Business Land - 700 Wa-
tervliet Avenue, Day-
ton, Ohio
1,000.00
1,000.00
1,000.00
1,000.00
Business - 308 Xenia Ave-
nue. Dayton, Ohio -
Open Door #2
5,000.00
Other Real Estate - Lo-
gan County, Ohio
Other Real Estate - 630
Watervliet Avenue, Day-
ton, Ohio
Other Real Estate - 630
Watervliet Avenue, Day-
ton, Ohio - Improve-
ments
Automobiles
700.00
1,300.00
1,300.00
1,300.00
Equipment and Fixtures
- Open Door #1
1,400.00
1,400.00
5,500.00
5,500.00
Equipment and Fixtures
- Open Door #1
1,231.85
Equipment and Fixtures
- Open Door #1 & #2
Equipment and Fixtures
- Open Door #1 & #2
Equipment and Fixtures
- Open Door #1
Improvements to Busi-
ness Property #1
$ 917.04
Improvements to Busi-
ness Property #1
Improvements to Busi-
ness Property #1
TOTALS
$13,056.52
$18,571.64
$23,358.96
$44,334.82
LIABILITIES
Mortgage payable - Fidel-
ity Building Associa-
tion
$6,955.68
Mortgage payable - Third
National Bank and
Trust Company
$9,362.01
$ 7,385.33
$ 4,295.70
Notes payable - Third Na-
tional Bank and Trust
Company
4000.00
Notes payable - Peoples
Bank of Dayton
900.02
Notes payable - Joseph G.
Asbury
3,000.00
Chattel Mortgage -
Peoples Bank of Day-
ton
1,196.74
Notes payable - Rose
Kley
Depreciation - Furniture
and Fixtures
154.00
322.00
550.00
1,206.86
- Improvements
- Buildings
630.00
1,066.50
1,503.00
- Automobiles
260.00
520.00
TOTALS
$7,109.68
$11,214.03
$10,458.57
$14,525.56
Net worth at end of year
- Per Exhibit
$5,946.84
$ 7,357.61
$12,900.39
$29,809.26
Net worth at beginning of
year
$ 5,946.84
$ 7,357.61
$12,900.39
INCREASE IN NET
WORTH
$ 1,410.77
$ 5,542.78
$16,908.87
Plus: Personal and Liv-
ing Expenses
3,925.00
5,393.47
5,092.55
Payment for Federal In-
come Taxes: Roman A. Schwieter-
man
453.15
3,093.79
Mary E. Schwieter-
man
1,221.60
Non-deductible Capital
Loss
TOTAL
$ 5,335.77
$11,389.40
$26,316.81
Less: Salary paid to Mary
E. Schwieterman
$ 5,200.00
Non-taxable Portion of
Capital Gains
NET AVAILABLE TAX-
ABLE INCOME
$ 5,335.77
$11,389.40
$21,116.81
*244 COMPUTATION OF INCOME BASED UPON NET WORTH
ASSETS
12/31/44
12/31/45
12/31/46
Cash on hand
$ 927.98
$ 3,143.07
$ 1,097.70
Cash on hand - Personal
100.00
Cash in bank - Peoples
Bank of Dayton
2,113.36
519.93
371.22
Cash in bank - Third Na-
tional Bank and Trust
Company
Cash in bank - Third Na-
tional Bank and Trust
Company - Open Door
#1
1,079.42
6,203.74
257.24
Cash in bank - Third Na-
tional Bank and Trust
Company - Open Door
#2
102.46
1,272.61
U.S. Treasury Bonds -
Series E at Cost
525.00
600.00
600.00
Stock - American Distill-
ing Company
4,449.69
Personal Residence - 60
Greenhouse Road, Day-
ton, Ohio
22,500.00
22,500.00
22,500.00
Personal Residence - Im-
provements
651.60
1,605.37
3,143.41
Inventories
16,798.74
6,180.00
9,840.00
Prepaid Assets
Business Building - 700
Watervliet Avenue, Day-
ton, Ohio
14,550.00
14,550.00
14,550.00
Business Land - 700 Wa-
tervliet Avenue, Day-
ton, Ohio
1,000.00
1,000.00
1,000.00
Business - 308 Xenia Ave-
nue. Dayton, Ohio -
Open Door #2
5,000.00
5,000.00
Other Real Estate - Lo-
gan County, Ohio
825.00
4,212.50
Other Real Estate - 630
Watervliet Avenue, Day-
ton, Ohio
18,250.00
Other Real Estate - 630
Watervliet Avenue, Day-
ton, Ohio - Improve-
ments
200.00
Automobiles
2,650.00
1,350.00
3,710.42
Equipment and Fixtures
- Open Door #1
5,500.00
Equipment and Fixtures
- Open Door #1
1,231.85
Equipment and Fixtures
- Open Door #1 & #2
$ 3,429.44
$ 3,429.44
Equipment and Fixtures
- Open Door #1 & #2
18,275.03
$ 17,885.53
Equipment and Fixtures
- Open Door #1
15,279.22
Improvements to Busi-
ness Property #1
917.04
917.04
917.04
Improvements to Busi-
ness Property #1
11,465.72
11,465.72
Improvements to Busi-
ness Property #1
7,742.53
TOTALS
$83,426.58
$98,836.95
$133,122.53
LIABILITIES
Mortgage payable - Fidel-
ity Building Associa-
tion
Mortgage payable - Third
National Bank and
Trust Company
$17,066.93
$12,950.97
$25,212.85
Notes payable - Third Na-
tional Bank and Trust
Company
15,000.00
9,000.00
Notes payable - Peoples
Bank of Dayton
Notes payable - Joseph G.
Asbury
Chattel Mortgage -
Peoples Bank of Day-
ton
Notes payable - Rose
Kley
1,300.00
Depreciation - Furniture
and Fixtures
2,591.91
5,171.75
6,480.01
- Improvements
738.30
1,809.48
- Buildings
1,939.50
2,376.00
2,812.50
- Automobiles
915.00
1,040.00
373.83
TOTALS
$22,513.34
$37,277.02
$46,988.67
Net worth at end of year
- Per Exhibit
$60,913.24
$61,559.93
$86,133.86
Net worth at beginning of
year
$29,809.26
$60,913.24
$61,559.93
INCREASE IN NET
WORTH
$31,103.98
$ 646.69
$24,573.93
Plus: Personal and Liv-
ing Expenses
10,842.00
6,486.08
4,966.71
Payment for Federal In-
come Taxes: Roman A. Schwieter-
man
2,716.30
13,347.95
6,782.38
Mary E. Schwieter-
man
1,248.44
1,374.99
1,778.01
Non-deductible Capital
Loss
2,100.48
TOTAL
$45,910.72
$23,956.19
$38,101.03
Less: Salary paid to Mary
E. Schwieterman
$ 5,300.00
$ 2,600.00
Non-taxable Portion of
Capital Gains
$ 7,846.09
NET AVAILABLE TAX-
ABLE INCOME
$40,610.72
$21,356.19
$30,254.94
*245 COMPUTATION OF INCOME TAX BASED UPON NET WORTH
1941
1942
1943
1944
Net Available Taxable In-
come
$5,335.77
$11,389.40
$21,116.81
$40,610.72
Less: Normal Tax Exemp-
500.00
tions
[40,110.72)
Less: Personal Exemptions
* 1,500.00
* 1,200.00
* 1,200.00
Credit for Dependents
* 1,600.00
* 1,400.00
* 1,400.00
* 2,500.00
Balance
$2,235.77
$ 8,789.40
$18,516.81
$38,110.72
Less: Earned Income
300.00
300.00
422.34
0
Credit
$1,935.77
$ 8,489.40
$18,094.47
$38,110.72
Normal Tax
$ 77.43
$ 509.36
$ 1,085.67
$ 1,203.32
Surtax
141.22
1,681.03
5,277.73
18,436.40
$ 218.65
$ 2,190.39
$ 6,363.40
$19,639.72
Victory Tax
549.32
Add: Unforgiven 1942 Tax
Portion
0
0
547.60
0
Total
$ 218.65
$ 2,190.39
$ 7,460.32
$19,639.72
Tax as Reported
453.15
1,541.65
4,019.64
13,049.66
Difference
* $ 234.50
$ 648.74
$ 3,440.68
$ 6,590.06
Victory Taxable Income
after Donations, etc.
$21,116.81
Add back Donations, etc.
635.00
Total
$21,751.81
Less: Specific Exemption
624.00
Balance
$21,127.81
Victory Tax
$ 1,056.39
48% Credit
507.07
Net Victory Tax
$ 549.32
1942 Income Tax
$ 2,190.39
3/4 Forgiveness
1,642.79
(Add Unforgiven Portion
to
1943 Tax)
$ 547.60
1945 Income
Less 50% to R. A.
Schwieter-
man Individual
Balance: Partnership In-
come
60% - R. A. Schwieterman
40% - M. E. Schwieterman
*246 COMPUTATION OF INCOME TAX BASED UPON NET WORTH
1945
1946
Net Available Taxable In-
come
$17,084.95
$18,152.96
Less: Normal Tax Exemp-
500.00
tions
[16,584.95)
Less: Personal Exemptions
Credit for Dependents
* 2,500.00
* 2,500.00
Balance
$14,584.95
$15,652.96
Less: Earned Income
0
0
Credit
$14,584.95
$15,652.96
Normal Tax
$ 497.55
Surtax
4,534.93
$ 5,032.48
$ 5,036.89
Victory Tax
Less
Add: Unforgiven 1942 Tax
Portion
0
5%
251.84
Total
$ 5,032.48
$ 4,78.05
Tax as Reported
5,332.81
5,057.77
Difference
* $ 300.33
* $ 272.72
Victory Taxable Income
after Donations, etc.
Add back Donations, etc.
Total
Less: Specific Exemption
Balance
Victory Tax
48% Credit
Net Victory Tax
1942 Income Tax
3/4 Forgiveness
(Add Unforgiven Portion
to
1943 Tax)
1945 Income
$21,356.19
$30,254.94
Less 50% to R. A.
Schwieter-
man Individual
10,678.10
0
Balance: Partnership In-
come
$10,678.09
$30,254.94
60% - R. A. Schwieterman
$ 6,406.85
$18,152.96
40% - M. E. Schwieterman
4,271.24
12,101.98
Respondent properly used the increase in net worth *247 plus expenditures method of reconstructing and determining the net taxable income of the petitioners for each of the years 1941-1946. Petitioners did not keep any personal books of account during the period 1940-1946. The accounting records which were kept for the business, Open Door Restaurant, were not adequate to accurately and clearly reflect income for each of the taxable years. The following schedule shows petitioner's net income for each of the taxable years per above net worth statement; net income for each of the taxable years reported in returns; and the differences for each of the taxable years: Net Income
Per New
Net Income
Under-
Net Worth
Reported in
statement
Statement
Returns
of Income
1941
$ 5,335.77
$ 7,130.33
* $1,794.56
1942
11,389.40
9,332.18
2,057.22
1943
21,116.81
14,334.82
6,781.99
1944
40,610.72
30,761.02
9,849.70
1945
17,084.95
17,685.61
* 600.66
1946
18,152.96
18,747.93
* 594.97
The net income of the petitioner for 1942, 1943, and 1944 was understated in petitioner's returns for those years in the amounts of $2,057.22, $6,781.99, and $9,849.70, respectively. *248 No part of the deficiency for any of the taxable years is due to fraud with intent to evade tax. Opinion The petitioner does not contend that the Commissioner was not justified in determining the amount of his net income for each of the taxable years by use of the increase in net worth method, and he concedes that most of the amounts of the items of assets and liabilities for each year in the respondent's original net worth statement are correct. The respondent has agreed with the petitioner about the amount of the living expenses for each year of petitioner and his family, and he has conceded that a bona fide partnership consisting of petitioner and his wife was formed in 1945 and existed during part of 1945 and during 1946. Accordingly, the questions to be decided involve determination of the amounts of items of assets in various years and whether petitioner had certain liabilities in various years. Each of these questions is a question of fact. Upon the evidence, findings have been made of the amounts of various items of assets, and it has been found that petitioner had or did not have certain liabilities at the end of certain years. These findings dispose of the questions *249 presented for decision and they complete the net worth statement of the petitioner for the years ended on December 31st of each of the years 1940-1946, inclusive. The revised and corrected net worth statement upon which petitioner's net income and his correct income tax for each of the years 1941-1946 is based is set forth in the Findings of Fact. The final question for decision is whether any part of the deficiency for any of the taxable years is due to fraud with intent to evade tax under section 293(b) of the Code. Under this issue the respondent has the burden of proof. If upon the basis of the revised net worth statement there is no deficiency in tax for a particular year, the 50 per cent addition under section 293(b) falls by virtue of the terms of that statutory provision. Section 293(b) applies only if a deficiency exists. The respondent has not established under his burden of proof that any part of a deficiency for any year is due to fraud with intent to evade tax. Decision will be entered under Rule 50. Footnotes
*. Denotes Red Figure↩
*. Denotes Red Figure↩